IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IOU CENTRAL, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:19-CV-05753-ELR |
| | * | |
| BEAU DUGGAN BAKER, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**O R D E R**

_____

Plaintiff filed its Complaint in this case on December 22, 2019. Compl. [Doc. 1]. For approximately four (4) months, Plaintiff took no further activity of record, and did not show that it perfected service on either Defendant. The Court issued a Show Cause Order on April 16, 2020, requiring Plaintiff to show cause as to why its claims should not be dismissed for failure to prosecute within twenty-one (21) days. [Doc. 6]. Twenty-two (22) days later, Plaintiff filed an unopposed motion for leave to file its returns of service. [Doc. 11]. The returns of service reflect that Plaintiff served both Defendants on April 25, 2020, in excess of the ninety (90)-day period provided by Rule 4(m). [See Docs. 9–10]; see also FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Nevertheless, the Court granted Plaintiff's unopposed motion for leave to file the returns of service and discharged its Show Cause Order. [Doc. 14].

On May 30, 2020, Plaintiff moved for a Clerk's entry of default against both Defendants, neither of whom have appeared in the action to date. [Doc. 13]. The Clerk entered default against Defendants the next day, June 1, 2020. Once again, multiple months passed, but Plaintiff did not move for default judgment or take any other action in this case.

Thus, on September 1, 2020, the Court entered a second Show Cause Order, requiring Plaintiff to show cause within five (5) days as to why this case should not be dismissed for want of prosecution. [Doc. 18]. On September 8, 2020, Plaintiff filed its response to the second Show Cause Order, requesting five (5) additional days to move for default judgment. [Doc. 20]. The Court is not inclined to grant this request for two (2) reasons: (1) Plaintiff has had since June 1, 2020, to file a motion for default judgment against Defendants; and (2) Plaintiff has demonstrated repeated untimeliness in this matter.

In its second Show Cause Order, the Court provided Plaintiff notice that its claims could be subject to dismissal for want of prosecution. [Doc. 18]. The Court

also provided Plaintiff an opportunity to be heard by its response. [Id.] However, upon review, the Court finds that Plaintiff's response does not show cause as to why its claims should not be dismissed. [See Doc. 20].

> A district court may dismiss a case *sua sponte* under two possible sources of authority: (1) Federal Rule of Civil Procedure 41(b), which permits dismissal for failure "to prosecute or to comply with the Federal Rules of Civil Procedure or any order of court," and (2) the court's inherent power to issue orders necessary to efficiently manage [its] docket[].

Moskovits v. Aldridge Pite, LLP, 677 F. App'x 510, 515 n.6 (11th Cir. 2017) (internal citations omitted and alteration adopted); see also Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.").

Pursuant to this authority, the Court finds that *sua sponte* dismissal of this case is warranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action and **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 11th day of September, 2020.

*/s/ Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

3